30 C.C.P.A. (Patents)

## In re FEAR.
### Patent Appeal No. 4870.

Court of Customs and Patent Appeals.
June 1, 1943.

Thomas E. Scofield, of Kansas City. Mo., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This case comes to us on appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner finally rejecting all of the claims, 1 to 6 inclusive, of an application for a patent alleging, "certain new and useful improvements in a Method of Making Ice Cream."

The alleged invention of the application relates to a method of making ice. cream, and the product produced thereby, as is illustrated in claim 1, reading as follows: "1. A method of making ice cream including the steps of forming a mix, pasteurizing the mix, neutralizing the mix, by means of an agent selected from a class consisting of calcium oxide and magnesium oxide, homog-. enizing the mix, adding a lactic acid-producing starter to the mix in an amount sufficient to bring the acidity of the mix to a point in the vicinity of .10 as determined by the Nafis acidity tester, and then freezing the mix."

The art relied upon is:

Odle, 1,120,330, December 8, 1914;
Fear, 1,935,596 November 14, 1933.

The Primary Examiner rejected all of the claims as lacking invention over Odle in view of Fear. He further rejected claims 2 and 4 as aggregative. He also rejected claims 3 and 4 as improperly defining the product solely in terms of the process of making it.

The board reversed the rejection of claims 2 and 4 on the ground of aggregation, but otherwise affirmed the decision of the Primary Examiner.

The patent to Fear is a prior patent of appellant, disclosing a method of forming an ice cream mix, neutralizing it, pasteurizing and homogenizing it, and finally freezing it.

The Odle patent discloses a method comprising the forming of an ice cream mix and adding thereto a starter designed to produce acidity. The patent states that the acidity of the mix may be neutralized to a desired extent and that · which "does not exceed 2" is permissible. · The acidity is neutralized by the addition of a small amount of lime (calcium oxide).

The Odle patent had for its object the production of medicated food products providing a palatable and readily stored medium for introducing bacteria into the human system for the purpose of destroying toxins tending to produce digestive disorders. The Bacillus Bulgaricus of Professor Metchnikoff is mentioned as such a destroying agent.

The starter that is used in the mix of appellant is made by pasteurizing milk, neutralizing it with an agent from the class consisting of calcium oxide and magnesium oxide and then inoculating the milk so treated with a desirable lactic acid-producing organism. Such an organism could be the bacillus of Professor Metchnikoff.

Claims 1, 2, 5, and 6 are method claims and claims 3 and 4 are product claims. However, all the claims are so closely related that it is not necessary to give them separate consideration. The only substantial

difference between claim 3 and claim 1 is that claim 3 is a product claim, but the product is defined by the process of claim 1. Claims 5 and 6 recite that the acidity of the mix is brought to a desired point and claims 1 and 3 specify the acidity point as ".10 as determined by the Nafis acidity tester." Claims 2 and 4 are directed to the production of the starter.

It will be observed that six steps are defined in appellant's process of making ice cream: Forming a mix, pasteurizing, neutralizing, homogenizing, adding a starter, and freezing the mix. The Fear patent discloses all of these steps except the fifth. This is conceded by appellant. The Odle patent discloses the fifth step.

There is nothing critical about the order in which those steps are taken since appellant states in his application that pasteurization and neutralization may be done simultaneously before homogenizing. The only difference in the order of steps in the Fear patent and the application is that in the patent the mix is neutralized before being pasteurized. Apparently the order of the steps set out in the claims is merely a matter of choice.

The acidity point of .10 defined in claims 1 and 3 is not critical for the reason that in other claims the acidity of the mix is brought to a desired point not specifically defined.

It is quite clear that the sole question to be determined is whether it required exercise of the inventive faculty to add the lactic acid starter of the Odle patent to the process disclosed in the patent to Fear.

■ While Odle uses his lactic acid-producing starter principally because he considers that lactic acid improves food material and appellant considers that lactic acid improves the flavor of his ice cream, in our opinion the benefit obtained by both appellant and the patentee is inherent in the use of the lactic acid with the ice cream mix, and we think that appellant cannot secure a patent on the essential feature of the patentee's process merely because it has another advantage. The process of the Odle patent seeks a palatable ice cream product just as does the process of the application of appellant.

The effect of the lactic acid used in the Odle patent may be controlled if desired, and the acidulated mix may be neutralized by means of calcium oxide.

■ We are convinced that it would not involve invention to employ the lactic acid of the Odle patent in the process of the Fear patent. If this were done the process of appellant would be fully met as well as the the product.

It is pointed out in the brief of the Solicitor that appellant assigned no error to the holding of the Primary Examiner, which holding was generally affirmed by the board, that claims 3 and 4 were also rejected as improperly defining the article in terms of the process of making it. In view of what has heretofore been said, it is not necessary to discuss this point raised by the Solicitor.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.